The majority in this matter has affirmed the Deputy Commissioner's prior Opinion and Award which denied benefits to plaintiff after January 23, 1994. Because I believe that plaintiff's cervical condition was related to her May 21, 1993 injury by accident, I respectfully dissent from the majority's Opinion and Award.
It is not disputed that on May 21, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. Plaintiff's injury occurred when the scissors she was using to cut pieces of rubber broke in her hands. Plaintiff contends that the material she was cutting on was hard rubber and that when the scissors broke, she experienced pain which began in her shoulder and which ran down into her right hand and fingers. Defendants accepted liability for the injuries to plaintiff's right hand and fingers through an Industrial Commission Form 21 Agreement for Compensation, but have denied that plaintiff's cervical problems are compensable.
Initially, plaintiff's primary injuries were to her fingers and hands, and her medical treatment during this period was related to these injuries. This focus during the initial period of her treatment does not, in and of itself, prove that plaintiff's slower developing cervical problems were not related to her injury by accident. Plaintiff was reporting problems with her neck as early as June 29, 1993, when she was examined by Dr. Rosario Guarino. On that date, x-rays were taken which revealed degenerative changes in plaintiff's cervical spine.
Despite experiencing continued pain, plaintiff returned to work on 23 January 1994 and continued working until 12 April 1995. Thereafter, plaintiff was unable to work because of her pain and cervical spine condition. On 13 April 1995, Dr. Lucas Martinez diagnosed plaintiff as having a central disc herniation at the C3-C4 level which was surgically repaired on 18 April 1995. Dr. Martinez testified that plaintiff had what it described as a "double crush" injury, meaning that a nerve has been pinched at two levels, in her neck and in her wrist. Furthermore, Dr. Martinez opined that plaintiff's cervical problems and herniated disc were caused by her injury by accident on May 21, 1993.
Based upon this evidence, I would find and conclude that plaintiff's cervical spine condition and herniated disc were causally related to her May 21, 1993 injury by accident. Plaintiff would then be entitled to temporary total disability compensation from April 12, 1995 through November 30, 1995, when she was assigned a rating and released to return to work by Dr. Martinez.
For the foregoing reasons, I would vote to reverse the prior decision and respectfully dissent from the majority's Opinion and Award in this matter.
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER